

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS
January 21, 1939

Honorable Tom C. King
State Auditor
Austin, Texas

Dear Mr. King:

Opinion No. O-143
Re: Legality of Commission
employees receiving fees
for unofficial acts.

Your request for an opinion as to whether it is lawful for an employee of the Commissioner of Insurance or other individual to collect or receive money and appropriate it to his own use for compiling lists of agents or furnishing copies of documents or records of the Department where services are performed after office hours or at any other time, has been received at this office.

Under the decisions, we feel impelled to say that the question of the employee's right to retain the fee charged depends upon the question as to whether the service performed is an official or unofficial one. If the act is official, he must deliver the fee charged to the State, otherwise there is no law to prevent his retaining it.

In the case of Crosby County Cattle Co. v. McDermott, 281 S. W. 293, Amarillo Court of Civil Appeals, the Cattle Company made a contract with a tax collector to furnish certificates that all taxes on certain lands had been paid for certain years and by whom. The tax collector sued the Cattle Company for the amount agreed upon and the defense was that the tax collector was not entitled to such payment since his compensation was provided by law. The officer was allowed recovery, the court holding that the certificates were of a kind he would not have to make, and a charge for which was not provided, under the statute and that his furnishing the same was not an official act.

Quotation is from the opinion in that case as follows:

"A public officer is not entitled to receive, for the performance of his official duties, any compensation other than such as is provided and permitted by law, and cannot recover for the performance of acts within the scope of his official duties. 'But an officer may earn a reward, if he is under no obligation because of his official character to do the particular act for which the reward is promised. The general principal prohibiting public officers from receiving rewards for the performance of their official duties does not prevent them from entering into agreements with private individuals to render unofficial services in consideration of direct compensation being paid for

such services.' 22 R. C. L. par. 235, p. 540."

Persuasive also is the case of Morris v. Kasling, 15 S.W. 227, (Sup. Ct.) distinguishing between the official and non-official acts of a sheriff and allowing the sheriff a reward for an arrest which he was legally not obliged to make.

Reference is also made to Burlingame v. Hardin County, 164 N. W. 115, Supreme Court of Iowa, recognizing the right of a clerk to retain money earned about his office in an unofficial way.

The question now arises whether the services mentioned in your question are official or unofficial.

No statute provides for the service of compiling "lists of agents" or fixes any fee to be collected for any such service. That is a service which the Insurance Commissioner can not be required to perform as a part of his duties. This, of course, applies to his employees. You are, therefore, advised that it is lawful for one of his employees to receive for his own use money given him as compensation for compiling such lists.

Article 3920, Revised Civil Statutes, provides as follows:

"The Commissioner of Insurance shall charge and receive for the use of the State the following fees:

"For every copy of any paper filed in his department, for each 100 words . . . . . . . . . . . .20

"For affixing his official seal and certifying to the same . . . . . . . . . . . . . . . . 1.00"

Under 3920, it is quite plain that for furnishing certified copies of papers in his office, the Insurance Commissioner and his employees must collect for the State a certain fee and it is immaterial whether such copies are made during regular office hours or not. The State's right to its prescribed fee can not be defeated by a clerk's yielding to the temptation of making a certified copy after five o'clock.

We believe that Article 3920 recognizes the uncertified copy, and that if a person desires such a copy he is entitled to get it, and pay for it at the rate of .20 per hundred words, without paying $1.00 for a certificate which may not be needed by him.

We have read Ex parte Brown, 78 N. E. 553, Supreme Court of Indiana, which construed the term "copy of any record or paper on file" to mean a certified copy only. However, the statute there involved did not pay separate recognition and provide different charges for preparing "copies" and affixing certificates.

Our opinion follows that for furnishing uncertified copies, in or out of office hours, the Commissioner of Insurance and his employees must make a charge of .20 per 100 words and remit the same to the State.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:N:jrb
APPROVED:
/s/ Gerald C. Mann